

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2008

# Smith v. Meyers

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3999

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Smith v. Meyers" (2008). *2008 Decisions.* Paper 821.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/821

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

*AMENDED                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3999
_____

DENNIS LEE SMITH,
Appellant

v.

PATRICIA A. MEYERS; MACK L. DAVIS, JR.;
STEVEN S. KREBS; BARBARA KREBS

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 07-cv-00525)
District Judge:  Honorable Joseph J. Farnan, Jr.

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 25, 2008

Before:  MCKEE, RENDELL and SMITH, <u>Circuit Judges</u>

(Opinion filed:  July 21, 2008)
_____

OPINION
_____

PER CURIAM

        Dennis Lee Smith appeals pro se from the memorandum order of the United States

District Court for the District of Delaware denying his motion for a temporary restraining

order.  Treating this as an appeal from the denial of a preliminary injunction, we will summarily affirm.  See LAR 27.4; I.O.P. 10.6.

## I.

Smith filed with the District Court a document partially entitled "Notice of Motion Ex Parte EMERGENCY Temporary Restraining 'Order,'" which he allegedly served on the other parties.  The motion apparently arose out of disputes regarding the alleged sale and leasing of real estate owned by Defendant Patricia A. Meyers and the attempted revocation of a power of attorney allegedly given by Meyers to Smith.  Smith alleged that related litigation has occurred in such forums as the Delaware Court of Chancery, the District of Delaware, and this Court.  In particular, he apparently attempted, without success, to represent Meyers based on the alleged power of attorney, even though he is not a licensed lawyer.  In his motion, Smith claimed violations of the Due Process and Equal Protection Clauses, 42 U.S.C. § 1981, and 42 U.S.C. § 1985 because he is a "black male who stood up against racism while helping a white female to win a court case against white males [sic] evildoers."  (Mot. Statement of Facts at 8 (emphasis omitted).) He also alleged, among other things, slander, false arrest, and a conspiracy to cover-up any misconduct.

With respect to the relief sought, the District Court observed that Smith wished "to prevent further 'irreparable hedonic damage(s)' and to prevent 'further irreparable misleading/false outburst of pernicious - false statement(s) of the very unrealistic viability

2

of very ignorant person(s) who know who they are.'" (9/12/07 Mem. Order at 1 (quoting

Mot. at 2.).)  He further "seeks to preclude a number of actions including, but not limited

to, the issuance of outrageous and absurd documents, the sale or lease of certain real

property, an individual from speaking to him, hateful acts, conspiracy and/or frame-up by

certain Defendants." (Id.)

Applying the preliminary injunction standard, the District Court denied Smith's

motion.  Smith timely appealed and subsequently filed a motion to disqualify the District

Judge as well as a motion to stay the current appeal pending a criminal investigation.

II.

While an appeal may not be taken from a decision denying a temporary restraining

order, see, e.g., In re Arthur Treacher's Franchise Litig., 689 F.2d 1150, 1153 (3d Cir.

1982), we do have appellate jurisdiction over orders "granting, continuing, modifying,

refusing or dissolving injunctions."  28 U.S.C. § 1292(a)(1).  Although Smith's motion

was entitled a motion for a temporary restraining order and was apparently denied as such

by the District Court, the designation of an order is not controlling.  See, e.g., Cohen v.

Bd. of Tr. of the Univ. of Med. & Dentistry of N.J., 867 F.2d 1455, 1466 (3d Cir. 1989)

(en banc).  Instead, considering the purpose and effect of the memorandum order itself,

see, e.g., Arthur Treacher's, 689 F.2d at 1155 n.7, we conclude that it should be treated as

a preliminary injunction ruling.  In particular, the District Court expressly applied the

preliminary injunction standard, Smith apparently sought relief pending the resolution of

3

his litigation, and he allegedly provided notice of his motion to the opposing parties. See, e.g., Fed. R. Civ. P. 65(a)(1); Cohen, 867 F.2d at 1465 n.9.

In order to obtain the "extraordinary remedy" of a preliminary injunction, Frank's GMC Truck Center, Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988) (citation omitted), the moving party must demonstrate: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). Smith appears to challenge the District Court's finding that he failed to establish a likelihood of success with respect to his federal racial discrimination claims, claiming that his motion and the attached documents "spoke for themselves" (11/2/07 Letter Resp. at 3.) Nevertheless, the District Court properly determined that there was no real evidence indicating "an intent to discriminate against Plaintiff on the basis of his race." (9/12/07 Mem. Order at 6.) At best, he merely presented his own confusing and conclusory claims of racism as well as various contractual and similar documents, which were silent on their face as to the matter of race. Likewise, we reject Smith's bald assertions of racism, despotism, and similar kinds of misconduct against the District Judge and other judicial personnel as unfounded and devoid of any real factual support.[1]

---

[1] We further lack the power to order a criminal investigation.

4

In addition, the District Court properly denied Smith's motion because of his failure to establish irreparable harm. As the District Court noted, many of his allegations appeared to implicate rather ordinary state-law issues, including slander and breach of contract. It would further appear that any harm he allegedly would suffer could be remedied by an award of monetary damages. See, e.g., Frank's, 847 F.2d at 102 ("[A] purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement. . . .") We therefore cannot say that the District Court's finding as to irreparable harm was erroneous.

### III.

For the foregoing reasons, Smith's appeal fails to present a substantial question on appeal, and we accordingly will summarily affirm the District Court's memorandum order. See LAR 27.4; I.O.P. 10.6. His disqualification motion and motion to stay the appeal are DENIED.